# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

| | |
|---|---|
| In re Shenna Elizabeth McCalla, <br> Debtor | Case No. 16-14604-JKO <br> Chapter 13 |

## SUBPOENA FOR RULE 2004 EXAMINATION
### (Document Production Only)

To: **Charles Schwab – Attn: Corporate Legal Group, 9800 Schwab Way, Lone Tree, CO 80124**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Mark S. Roher, P.A. <br> 5701 N. Pine Island Rd., Ste. 301 <br> Fort Lauderdale, FL 33321 | Tuesday, June 28, 2016 at 9:00 a.m. |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached <u>Schedule "A"</u>. In lieu of appearance, please mail or deliver copies of the items to be produced to Mark S. Roher, Esq., at Law Office of Mark S. Roher, P.A., 5701 N. Pine Island Rd., Ste. 301, Fort Lauderdale, FL 33321 or via email to <u>mroher@markroherlaw.com</u> so as to be received on or before 11:00 a.m. on June 28, 2016.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>6/14/2016</u>

CLERK OF COURT

OR

_____       *[signature]*
Signature of Clerk or Deputy Clerk      Attorney's signature

---

The name, address, email address, and telephone number of the attorney representing (name of party) _____
**Multibank 2009-1 RES-ADC Venture, LLC** who issues or requests this subpoena, are:
Mark S. Roher, Esq., 5701 N. Pine Island Rd., Ste. 301, Fort Lauderdale, FL 33321; mroher@markroherlaw.com; (954) 353-2200

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/15)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☒ I served the subpoena by delivering a copy to the named person as follows: (via certified U.S. mail) to
**Charles Schwab – Attn: Corporate Legal Group, 9800 Schwab Way, Lone Tree, CO 80124** on June 14, 2016

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date:  June 14, 2016

_/s/ Mark S. Roher_
Server's signature

Mark S. Roher, Attorney
Florida Bar No. 178098
Printed name and title

Law Office of Mark S. Roher, P.A.
5701 N. Pine Island Rd., Ste. 301
Fort Lauderdale, FL 33321
Tel: (954) 353-2200
Email: mroher@markroherlaw.com

Server's address

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/15)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## Schedule "A"

### Definitions

As used in this request, the following words shall be defined as follows:

1) "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies, electronic mail, information contained in electronic or computer storage media and other papers in the possession, custody or control of PNC Bank, N.A., or its agents, employees, joint venturers, attorneys or representatives, including documents which were prepared by **Charles Schwab**, or its agents, employees, joint venturers, attorneys or representatives, which did not leave the custody of the person preparing them.

2) "Debtor" refers to Shenna Elizabeth McCalla a/k/a Shenna E. Fowles-McCalla, or her agents, employees, attorneys or representatives, and any and all other persons acting for,

purporting to act for or subject to the control of Shenna Elizabeth McCalla a/k/a Shenna E. Fowles-McCalla.

3) "And" or "Or" shall include the conjunctive as well as the disjunctive.

4) "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

5) "Petition Date" means March 31, 2016.

6) "You" or "Your" shall mean **Charles Schwab** or its agents, employees, attorneys or representatives, and any and all other persons acting for, purporting to act for or subject to the control of **Charles Schwab**.

7) "Husband" refers to Michael A. McCalla, or his agents, employees, attorneys or representatives, and any and all other persons acting for, purporting to act for or subject to the control of Michael A. McCalla.

## Instructions

1. List all documents withheld under any claim of privilege, or other protection from discovery in response to these requests.

2. Identify each withheld document by setting forth:

(a) the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
(b) the date of the document;
(c) the names of the author and each addressee;
(d) the name, address and title of the custodian of each document not produced;
(e) the identity of the person(s) asserting the privilege/protection claimed;
(f) the identity of the person(s) having knowledge of the information sought;
(g) the subject matter of the document; and
(h) the basis upon which the privilege/protection is claimed.

3. These document requests are continuing and further supplemental responses and production shall be made and served upon counsel for Multibank 2009-1 RES-ADC Venture, LLC

if and when additional documents or communications relevant to these document requests come into your possession.

4. Unless otherwise stated, these document requests call for the production of documents created, dated, sent or received on or after March 31, 2012, through and including the present.

### Schedule of Documents to be Produced

Any and all Documents in Your possession, custody or control that relate, evidence, reflect or otherwise refer to:

1. Accounts (including but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back) maintained by You (including but not limited, to a SchwabOne/Charles Schwab Account No. XXXXXX8796 in the name of Michael A. McCalla and Shenna A. McCalla) from and after March 31, 2012, by:

   a. The Debtor, Shenna Elizabeth McCalla a/k/a Shenna E. Fowles-McCalla, individually;

   b. Any individual or entity for which the Debtor has or had signature authority;

   c. Any individual or entity over which the Debtor exercises or exercised control;

   d. Any entity for with the Debtor is or was an officer, member, partner, employee, or had a direct or indirect ownership interest;

   e. Shenna Elizabeth McCalla a/k/a Shenna E. Fowles-McCalla and her Husband, Michael A. McCalla;

   f. Michael A. McCalla, individually;

3

      g.      Any individual or entity for which Michael A. McCalla has or had signature authority;

      h.      Any individual or entity over which Michael A. McCalla exercises or exercised control; and

      i.      Any entity for with Michael A. McCalla is or was an officer, member, partner, employee, or had a direct or indirect ownership interest.

2.    Lockboxes or safe deposit boxes maintained by You for the benefit of:

      a.      The Debtor, Shenna Elizabeth McCalla a/k/a Shenna E. Fowles-McCalla;

      b.      Any individual or entity for which the Debtor has or had signature authority;

      c.      Any individual or entity over which the Debtor exercises or exercised control; and

      d.      Any entity for with the Debtor is or was an officer, member, partner, employee, or had a direct or indirect ownership interest.

3.    Any and all payments (including, but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to checks of any kind, copies of the front and back), transfers/sales or exchanges of funds or other property/assets, since March 31, 2012, between You and:

      a.      The Debtor, Shenna Elizabeth McCalla a/k/a Shenna E. Fowles-McCalla, individually;

      b.      Any individual or entity for which the Debtor has or had signature authority;

      c.      Any individual or entity over which the Debtor exercises or exercised control;

d. Any entity for with the Debtor is or was an officer, member, partner, employee, or had a direct or indirect ownership interest;

e. Shenna Elizabeth McCalla a/k/a Shenna E. Fowles-McCalla and her Husband, Michael A. McCalla;

f. Michael A. McCalla, individually;

g. Any individual or entity for which Michael A. McCalla has or had signature authority;

h. Any individual or entity over which Michael A. McCalla exercises or exercised control; and

i. Any entity for with Michael A. McCalla is or was an officer, member, partner, employee, or had a direct or indirect ownership interest.